P. Craig Silva (Bar No. 6-3066)
Williams, Porter, Day & Neville, PC
P.O. Box 10700
Casper, WY  82602
307-265-0700  Phone
307-266-2306  Facsimile
csilva@wpdn.net

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *ex rel.* **GALE BRYDEN,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 07-cv-251-J** |
| | § | **Judge Alan B. Johnson** |
| **vs.** | § | |
| | § | |
| **WYOMING MEDICAL CENTER,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Wyoming Medical Center ("WMC") answers the Second Amended Complaint of relator Gale Bryden ("relator") as follows:

WMC denies the allegations in the preamble to the Second Amended Complaint to the extent relator alleges that WMC violated federal law.

1.  The allegations in paragraph 1 are legal conclusions to which no response is required, but to the extent a response is required, WMC denies any violation of the False Claims Act and otherwise denies the allegations in paragraph 1 of the Second Amended Complaint.

2.   WMC is without sufficient information as to the truth of the allegations in paragraph 2 of the Second Amended Complaint and on that basis denies the allegations therein.

3.   WMC is without sufficient information as to the truth of the allegations in paragraph 3 of the Second Amended Complaint and on that basis denies the allegations therein.

4.   WMC is without sufficient information as to the truth of the allegations in paragraph 4 of the Second Amended Complaint and on that basis denies the allegations therein.

5.   WMC admits the allegations in paragraph 5 of the Second Amended Complaint.

6.   WMC denies the allegations in paragraph 6 of the Second Amended Complaint.

7.   WMC denies the allegations in paragraph 7 of the Second Amended Complaint.

8.   WMC admits the allegations in paragraph 8 of the Second Amended Complaint.

9.   WMC admits the allegations in paragraph 9 of the Second Amended Complaint.

10.   WMC admits that relator was formerly employed at WMC, but otherwise denies the allegations in paragraph 10 of the Second Amended Complaint.

11.   WMC is without sufficient information as to the truth of the allegations in paragraph 11 of the Second Amended Complaint and on that basis denies the allegations therein.

12.   WMC is without sufficient information as to the truth of the allegations in paragraph 12 of the Second Amended Complaint and on that basis denies the allegations therein.

13.   WMC denies the allegations in paragraph 13 of the Second Amended Complaint.

14.   WMC admits that while she was employed at WMC, relator was involved in handling the denial of claims by private insurers, but otherwise denies the allegations in paragraph 14 of the Second Amended Complaint.

15.   WMC admits that while she was employed at WMC, relator was involved in handling the denial of claims by private insurers, but otherwise denies the allegations in paragraph 15 of the Second Amended Complaint.

16.   WMC is without sufficient information as to the truth of the allegations in paragraph 16 of the Second Amended Complaint and on that basis denies the allegations therein.

17.   WMC admits the allegations in paragraph 17 of the Second Amended Complaint.

18.   WMC denies the allegations in paragraph 18 of the Second Amended Complaint.

19.   WMC denies the allegations in paragraph 19 of the Second Amended Complaint.

20.   WMC denies the allegations in paragraph 20 of the Second Amended Complaint.

21.   WMC denies the allegations in paragraph 21 of the Second Amended Complaint.

22.   WMC denies the allegations in paragraph 22 of the Second Amended Complaint.

23.   WMC is without sufficient information as to the truth of the allegations in paragraph 23 of the Second Amended Complaint and on that basis denies the allegations therein.

24.   WMC admits that the hospital formed a committee to discuss patient admission status, but otherwise denies the allegations in paragraph 24 of the Second Amended Complaint.

25.   WMC admits that relator participated in a committee that discussed patient admission status, but otherwise denies the allegations in paragraph 25 of the Second Amended Complaint.

26.   WMC denies the allegations in paragraph 26 of the Second Amended Complaint.

27.   WMC admits that Cindy Lee, Manager of Patient Accounts, met with relator sometime in 2006 to discuss the issue of patient admission status, but otherwise denies the allegations in paragraph 27 of the Second Amended Complaint.

3

28.   WMC admits that Cindy Lee met with relator to discuss the issue of patient admission status, but otherwise denies the allegations in paragraph 28 of the Second Amended Complaint.

29.   WMC denies the allegations in paragraph 29 of the Second Amended Complaint.

30.   WMC admits that it created a patient-type change list, but otherwise denies the allegations in paragraph 30 of the Second Amended Complaint.

31.   WMC admits that the patient-type change list was prepared on a monthly basis to memorialize changes that were made to correct patient admission status, but otherwise denies the allegations in paragraph 31 of the Second Amended Complaint.

32.   WMC admits the allegations in paragraph 32 of the Second Amended Complaint.

33.   WMC denies the allegations in paragraph 33 of the Second Amended Complaint.

34.   WMC denies the allegations in paragraph 34 of the Second Amended Complaint.

35.   WMC denies the allegations in paragraph 35 of the Second Amended Complaint.

36.   WMC denies the allegations in paragraph 36 of the Second Amended Complaint.

37.   WMC denies the allegations in paragraph 37 of the Second Amended Complaint.

38.   WMC denies the allegations in paragraph 38 of the Second Amended Complaint.

39.   WMC denies the allegations in paragraph 39 of the Second Amended Complaint.

40.   WMC admits that relator served on a committee that discussed patient admission status, but otherwise denies the allegations in paragraph 40 of the Second Amended Complaint.

41.   WMC admits that Bryden told her supervisor, Dina Kamboris-Betts, that Bryden believed it was wrong to change patients' admission status, and Betts told Bryden she would discuss the matter with Cindy Lee, but WMC otherwise denies the allegations in paragraph 41 of the Second Amended Complaint.

42.   WMC admits that relator met with Marty Wilson and Vickie Diamond, but otherwise denies the allegations in paragraph 42 of the Second Amended Complaint.

43.   WMC admits that at the meeting, relator questioned whether the hospital was properly recording patients' admission status, but otherwise denies the allegations in paragraph 43 of the Second Amended Complaint.

44.   WMC admits that Diamond instructed relator to discuss the subject of patient admission status with a hospital committee addressing that subject at the time, but otherwise denies the allegations in paragraph 44 of the Second Amended Complaint.

45.   WMC admits the allegations in paragraph 45 of the Second Amended Complaint.

46.   WMC admits that Bryden discussed her belief that WMC was incorrectly changing patients' admission status, but otherwise denies the allegations in paragraph 46 of the Second Amended Complaint.

47.   WMC denies the allegations in paragraph 47 of the Second Amended Complaint.

48.   WMC admits that Bryden discussed her belief that WMC was incorrectly changing patients' admission status, but otherwise denies the allegations in paragraph 48 of the Second Amended Complaint.

49.   WMC denies the allegations in paragraph 49 of the Second Amended Complaint.

50.   WMC denies the allegations in paragraph 50 of the Second Amended Complaint.

51.   WMC admits that the committee that had been reviewing the issue of patient admission status completed its work and therefore was disbanded, but otherwise denies the allegations in paragraph 51 of the Second Amended Complaint.

52.   WMC denies the allegations in paragraph 52 of the Second Amended Complaint.

53.   WMC denies the allegations in paragraph 53 of the Second Amended Complaint.

54.  WMC admits that Congress enacted the Outpatient Prospective Payment System in 1997, but otherwise denies the allegations in paragraph 54 of the Second Amended Complaint.

55.  WMC admits that the Department of Health and Human Services identifies inpatient-only procedures, but otherwise denies the allegations in paragraph 55 of the Second Amended Complaint.

56.  WMC admits that the Secretary published the quoted comment and response in the Federal Register, but otherwise denies the allegations in paragraph 56 of the Second Amended Complaint.

57.  WMC admits that the Secretary published the quoted statement in the Federal Register, but otherwise denies the allegations in paragraph 57 of the Second Amended Complaint.

58.  WMC denies the allegations in paragraph 58 of the Second Amended Complaint.

59.  WMC denies the allegations in paragraph 59 of the Second Amended Complaint.

60.  WMC admits that the Medicaid program was established under federal law, 42 U.S.C. § 1396 *et seq.*, and admits that the Wyoming Department of Health's Division of Health Care Financing administers Wyoming's Medicaid program, but otherwise denies the allegations in paragraph 60 of the Second Amended Complaint.

61.  WMC admits that Wyoming Medicaid adopted an outpatient prospective payment system, but otherwise denies the allegations in paragraph 61 of the Second Amended Complaint.

62.  WMC denies the allegations in paragraph 62 of the Second Amended Complaint.

63.  WMC denies the allegations in paragraph 63 of the Second Amended Complaint.

64.  WMC denies the allegations in paragraph 64 of the Second Amended Complaint.

65.  WMC admits that it utilizes and retains an online transaction history that contains information regarding patient admission status and billing matters, but otherwise denies the allegations in paragraph 65 of the Second Amended Complaint.

66.  WMC is without sufficient information as to the truth of the allegations in paragraph 66 of the Second Amended Complaint, in particular, to which files relator refers, and on that basis WMC denies the allegations therein.

67.  WMC denies the allegations in paragraph 67 of the Second Amended Complaint.

68 (pages 12-14).  WMC denies the allegations in paragraph 68 of the Second Amended Complaint, including subparts (a) through (g).

69 (pages 14-16).  WMC denies the allegations in paragraph 69 of the Second Amended Complaint, including subparts (a) through (f).

70.  [Paragraph omitted from Second Amended Complaint]

71.  WMC denies the allegations in paragraph 71 of the Second Amended Complaint.

72.  WMC denies the allegations in paragraph 72 of the Second Amended Complaint.

73-83.  [Paragraphs omitted from Second Amended Complaint]

87 (page 17).  WMC admits the allegations in paragraph 87 of the Second Amended Complaint.

88 (page 17).  WMC admits the allegations in paragraph 88 of the Second Amended Complaint.

89 (page 17).  WMC admits the allegations in paragraph 89 of the Second Amended Complaint.

90 (page 18).  WMC denies the allegations in paragraph 90 of the Second Amended Complaint.

91 (page 18).  WMC denies the allegations in paragraph 91 of the Second Amended Complaint.

92 (page 18).  WMC admits the allegations in paragraph 92 of the Second Amended Complaint.

93 (page 18).  WMC denies the allegations in paragraph 93 of the Second Amended Complaint.

94 (page 18).  WMC admits that when a patient presents at the hospital, a physician's order typically specifies a patient's admission status, but otherwise denies the allegations in paragraph 94 of the Second Amended Complaint.

95 (page 18). WMC admits that when a patient presents at the hospital, a physician's order typically specifies a patient's admission status, but otherwise denies the allegations in paragraph 95 of the Second Amended Complaint.

96 (page 18).  WMC denies the allegations in paragraph 96 of the Second Amended Complaint.

84 (page 19).  WMC denies the allegations in paragraph 84 of the Second Amended Complaint.

85 (page 19).  WMC denies the allegations in paragraph 85 of the Second Amended Complaint.

86 (page 19).  WMC denies the allegations in paragraph 86 of the Second Amended Complaint.

87 (pages 19-22).  WMC denies the allegations in paragraph 87 of the Second Amended Complaint, including subparts (a) through (f).

88 (page 22).   WMC denies the allegations in paragraph 88 of the Second Amended Complaint.

89 (page 22).   WMC denies the allegations in paragraph 89 of the Second Amended Complaint.

90 (page 22).   WMC is without sufficient information as to the truth of the allegations in paragraph 90 of the Second Amended Complaint and on that basis denies the allegations therein.

91 (page 22).   WMC is without sufficient information as to the truth of the allegations in paragraph 91 of the Second Amended Complaint and on that basis denies the allegations therein.

92 (page 22).   WMC admits the allegations in paragraph 92 of the Second Amended Complaint.

93 (page 22).   WMC admits the allegations in paragraph 93 of the Second Amended Complaint.

94 (page 22).   WMC admits the allegations in paragraph 94 of the Second Amended Complaint.

95 (page 22).   WMC admits the allegations in paragraph 95 of the Second Amended Complaint.

96 (page 23).   WMC admits the allegations in paragraph 96 of the Second Amended Complaint.

97.  WMC admits the allegations in paragraph 97 of the Second Amended Complaint.

98.  WMC admits the allegations in paragraph 98 of the Second Amended Complaint.

99.  WMC denies the allegations in paragraph 99 of the Second Amended Complaint.

100.  WMC denies the allegations in paragraph 100 of the Second Amended Complaint.

101.  WMC denies the allegations in paragraph 101 of the Second Amended Complaint.

102.   WMC denies the allegations in paragraph 102 of the Second Amended Complaint.

103.   WMC denies the allegations in paragraph 103 of the Second Amended Complaint.

104.   WMC denies the allegations in paragraph 104 of the Second Amended Complaint.

105.   WMC denies the allegations in paragraph 105 of the Second Amended Complaint.

106.   WMC denies the allegations in paragraph 106 of the Second Amended Complaint.

107.   WMC denies the allegations in paragraph 107 of the Second Amended Complaint.

108.   WMC denies the allegations in paragraph 108 of the Second Amended Complaint.

109.   WMC is without sufficient information as to the truth of the allegations in paragraph 109 of the Second Amended Complaint, in particular, which cases relator sampled, and on that basis WMC denies the allegations therein.

110 (pages 24-26).   WMC denies the allegations in paragraph 110 of the Second Amended Complaint, including subparts (a) through (d).

111 (pages 26-27).   WMC denies the allegations in paragraph 111 of the Second Amended Complaint, including subparts (a) through (c)

112.   [Paragraph omitted from Second Amended Complaint]

113.   WMC admits the allegations in paragraph 113 of the Second Amended Complaint.

114.   WMC admits the allegations in paragraph 114 of the Second Amended Complaint.

115.   WMC admits the allegations in paragraph 115 of the Second Amended Complaint.

116.   WMC admits the allegations in paragraph 116 of the Second Amended Complaint.

117.   WMC admits the allegations in paragraph 117 of the Second Amended Complaint.

118.   WMC admits the allegations in paragraph 118 of the Second Amended Complaint.

119.   WMC admits that while employed at WMC, relator assisted in the preparation of the Avoidable Days Detail Report, but otherwise denies the allegations in paragraph 119 of the Second Amended Complaint.

120.   WMC admits that it utilizes the Avoidable Days Detail Report to identify patients who may not qualify for inpatient admission, but otherwise denies the allegations in paragraph 120 of the Second Amended Complaint.

121.   WMC denies the allegations in paragraph 121 of the Second Amended Complaint.

122.   WMC denies the allegations in paragraph 122 of the Second Amended Complaint.

123.   WMC denies the allegations in paragraph 123 of the Second Amended Complaint.

124.   WMC admits the allegations in paragraph 124 of the Second Amended Complaint.

125.   WMC admits the allegations in paragraph 125 of the Second Amended Complaint.

126.   WMC denies the allegations in paragraph 126 of the Second Amended Complaint.

127 (pages 29-34).    WMC denies the allegations in paragraph 127 of the Second Amended Complaint, including subparts (a) through (i).

128.   [Paragraph omitted from Second Amended Complaint]

129.    WMC admits that it files a Medicare cost report, but otherwise denies the allegations in paragraph 129 of the Second Amended Complaint.

130.   WMC denies the allegations in paragraph 130 of the Second Amended Complaint.

131.   WMC denies the allegations in paragraph 131 of the Second Amended Complaint.

132.   WMC denies the allegations in paragraph 132 of the Second Amended Complaint.

133.   WMC denies the allegations in paragraph 133 of the Second Amended Complaint.

134.   WMC denies the allegations in paragraph 134 of the Second Amended Complaint.

135.   WMC denies the allegations in paragraph 135 of the Second Amended Complaint.

136 (page 35).   WMC admits that it has billed Medicare and Medicaid in connection with canceled surgical procedures as permitted by, and in accordance with, Medicare and Medicaid program guidelines, but otherwise denies the allegations in paragraph 136 of the Second Amended Complaint.

137 (page 35).   WMC admits that Medicare and Medicaid reimbursement compensate hospitals for laboratory and other diagnostic tests, but otherwise denies the allegations in paragraph 137 of the Second Amended Complaint.

138 (page 35).   WMC denies the allegations in paragraph 138 of the Second Amended Complaint.

139 (page 35).   WMC admits that it bills Medicare in connection with canceled surgical procedures as permitted by, and in accordance with, Medicare program guidelines, but otherwise denies the allegations in paragraph 139 of the Second Amended Complaint.

140 (page 35).   WMC denies the allegations in paragraph 140 of the Second Amended Complaint.

141 (page 35).   WMC denies the allegations in paragraph 141 of the Second Amended Complaint.

142 (page 35).   WMC is without sufficient information as to the truth of the allegations in paragraph 142 of the Second Amended Complaint, in particular, the specific list to which relator refers, and on that basis denies the allegations therein..

143 (page 35).   WMC is without sufficient information as to the truth of the allegations in paragraph 143 of the Second Amended Complaint, in particular, the specific list to which relator refers, and on that basis denies the allegations therein.

144 (page 35).  WMC is without sufficient information as to the truth of the allegations in paragraph 144 of the Second Amended Complaint, in particular, the specific list to which relator refers, and on that basis denies the allegations therein.

145 (page 36).  WMC is without sufficient information as to the truth of the allegations in paragraph 145 of the Second Amended Complaint, in particular, the specific list to which relator refers, and on that basis denies the allegations therein.

146 (page 36).  WMC is without sufficient information as to the truth of the allegations in paragraph 146 of the Second Amended Complaint, in particular, the specific list to which relator refers, and on that basis denies the allegations therein.

147 (page 36).  WMC is without sufficient information as to the truth of the allegations in paragraph 147 of the Second Amended Complaint, in particular, the specific list to which relator refers, and on that basis denies the allegations therein.

136 (page 36).  WMC admits that Medicare and Medicaid previously required the use of the UB-92 form to submit payment requests, but otherwise denies the allegations in paragraph 136 of the Second Amended Complaint.

137 (page 36).  WMC denies the allegations in paragraph 137 of the Second Amended Complaint.

138 (page 36).  WMC admits that it is required to follow Medicare conditions of participation, but otherwise denies the allegations in paragraph 138 of the Second Amended Complaint.

139 (page 36).  WMC admits the allegations in paragraph 139 of the Second Amended Complaint.

140 (page 37)   WMC admits that it is required to follow Medicare and Medicaid conditions of participation, but otherwise denies the allegations in paragraph 140 of the Second Amended Complaint.

141 (page 37).  WMC denies the allegations in paragraph 141 of the Second Amended Complaint.

142 (page 37).  WMC admits that it has a compliance officer who supervises WMC's compliance with federal and state law, but otherwise denies the allegations in paragraph 142 of the Second Amended Complaint.

143 (page 37).   WMC denies the allegations in paragraph 143 of the Second Amended Complaint.

144 (page 37).   WMC denies the allegations in paragraph 144 of the Second Amended Complaint.

145 (page 37).   WMC denies the allegations in paragraph 145 of the Second Amended Complaint.

146 (page 37).   WMC denies the allegations in paragraph 146 of the Second Amended Complaint.

147 (page 38).   WMC denies the allegations in paragraph 147 of the Second Amended Complaint.

148 (page 38).  WMC denies the allegations in paragraph 148 of the Second Amended Complaint.

**Count I**

149.     In response to paragraph 149 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

150.  WMC denies the allegations in paragraph 150 of the Second Amended Complaint.

151.  WMC denies the allegations in paragraph 151 of the Second Amended Complaint.

152.  WMC denies the allegations in paragraph 152 of the Second Amended Complaint.

153.  WMC denies the allegations in paragraph 153 of the Second Amended Complaint.

154.  WMC denies the allegations in paragraph 154 of the Second Amended Complaint.

**Count II**

155.     In response to paragraph 155 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

156.  WMC denies the allegations in paragraph 156 of the Second Amended Complaint.

157.  WMC denies the allegations in paragraph 157 of the Second Amended Complaint.

158.  WMC denies the allegations in paragraph 158 of the Second Amended Complaint.

159.  WMC denies the allegations in paragraph 159 of the Second Amended Complaint.

160.  WMC denies the allegations in paragraph 160 of the Second Amended Complaint.

**Count III**

161.     In response to paragraph 161 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

162.  WMC denies the allegations in paragraph 162 of the Second Amended Complaint.

15

163.  WMC denies the allegations in paragraph 163 of the Second Amended Complaint.

164.  WMC denies the allegations in paragraph 164 of the Second Amended Complaint.

165.  WMC denies the allegations in paragraph 165 of the Second Amended Complaint.

166.  WMC denies the allegations in paragraph 166 of the Second Amended Complaint.

## Count IV

167.    In response to paragraph 167 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

168.  WMC denies the allegations in paragraph 168 of the Second Amended Complaint.

169.  WMC denies the allegations in paragraph 169 of the Second Amended Complaint.

170.  WMC denies the allegations in paragraph 170 of the Second Amended Complaint.

171.  WMC denies the allegations in paragraph 171 of the Second Amended Complaint.

172.  WMC denies the allegations in paragraph 172 of the Second Amended Complaint.

## Count V

173.    In response to paragraph 173 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

174.  WMC denies the allegations in paragraph 174 of the Second Amended Complaint.

175.  WMC denies the allegations in paragraph 175 of the Second Amended Complaint.

176.  WMC denies the allegations in paragraph 176 of the Second Amended Complaint.

177.  WMC denies the allegations in paragraph 177 of the Second Amended Complaint.

178.  WMC denies the allegations in paragraph 178 of the Second Amended Complaint.

**Count VI**

179.     In response to paragraph 179 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

180.  WMC denies the allegations in paragraph 180 of the Second Amended Complaint.

181.  WMC denies the allegations in paragraph 181 of the Second Amended Complaint.

182.  WMC denies the allegations in paragraph 182 of the Second Amended Complaint.

183.  WMC denies the allegations in paragraph 183 of the Second Amended Complaint.

184.  WMC denies the allegations in paragraph 184 of the Second Amended Complaint.

**Count VII**

185.     In response to paragraph 185 of the Second Amended Complaint, WMC incorporates by reference each of its responses to the preceding paragraphs of the Second Amended Complaint.

186.  WMC denies the allegations in paragraph 186 of the Second Amended Complaint.

187.  WMC denies the allegations in paragraph 187 of the Second Amended Complaint.

188.  WMC denies the allegations in paragraph 188 of the Second Amended Complaint.

189.  WMC denies the allegations in paragraph 189 of the Second Amended Complaint.

190.  WMC denies the allegations in paragraph 190 of the Second Amended Complaint.

191.  WMC denies the allegations in paragraph 191 of the Second Amended Complaint.

192.  WMC denies the allegations in paragraph 192 of the Second Amended Complaint.

**Count VIII**

193.     In response to paragraph 193 of the Second Amended Complaint, WMC

incorporates by reference each of its responses to the preceding paragraphs of the Second

Amended Complaint.

194.  WMC denies the allegations in paragraph 194 of the Second Amended Complaint.

195.  WMC denies the allegations in paragraph 195 of the Second Amended Complaint.

196.  WMC denies the allegations in paragraph 196 of the Second Amended Complaint.

197.  WMC denies the allegations in paragraph 197 of the Second Amended Complaint.

198.  WMC denies the allegations in paragraph 198 of the Second Amended Complaint.

**Count IX**

199.     In response to paragraph 199 of the Second Amended Complaint, WMC

incorporates by reference each of its responses to the preceding paragraphs of the Second

Amended Complaint.

200.     WMC admits the allegations in paragraph 200 of the Second Amended

Complaint.

201.     WMC denies the allegations in paragraph 201 of the Second Amended Complaint.

202.     In response to the allegations in paragraph 202 of the Second Amended

Complaint, WMC admits that relator's inability to participate as a team player at WMC was one

of several valid reasons for terminating relator's employment.

203.     WMC denies the allegations in paragraph 203 of the Second Amended Complaint.

204.     WMC admits that prior to the termination of relator's employment, WMC

received a document request from the Office of Inspector General, but otherwise denies the

allegations in paragraph 204 of the Second Amended Complaint.

18

205.     WMC admits that it was requested to retain records related to the Justice Department's investigation, but otherwise denies the allegations in paragraph 205 of the Second Amended Complaint.

206.     WMC admits the allegations in paragraph 206 of the Second Amended Complaint.

207.     WMC admits that after it learned of the government's investigation, it requested relator to assist WMC in responding to the government's request for records, but otherwise denies the allegations in paragraph 207 of the Second Amended Complaint.

208.     WMC denies the allegations in paragraph 208 of the Second Amended Complaint.

209.     WMC denies the allegations in paragraph 209 of the Second Amended Complaint.

210.     WMC denies the allegations in paragraph 210 of the Second Amended Complaint.

211.     WMC denies the allegations in paragraph 211 of the Second Amended Complaint.

212.     WMC admits that relator's employment was terminated on June 19, 2009, but otherwise denies the allegations in paragraph 212 of the Second Amended Complaint.

213.     WMC denies the allegations in paragraph 213 of the Second Amended Complaint.

214.     WMC is without sufficient information as to the truth of the allegations in paragraph 214 of the Second Amended Complaint, and on that basis denies the allegations therein.

215.     WMC denies the allegations in paragraph 215 of the Second Amended Complaint.

216.     WMC denies the allegations in paragraph 216 of the Second Amended Complaint.

217.     WMC denies the allegations in paragraph 217 of the Second Amended Complaint.

218.     WMC denies the allegations in paragraph 218 of the Second Amended Complaint.

219.     WMC denies the allegations in paragraph 219 of the Second Amended Complaint.

19

220.    WMC denies the allegations in paragraph 220 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

a.  The Second Amended Complaint, in whole or in part, fails to state a claim for relief.

b.  The Second Amended Complaint, in whole or in part, is barred because the alleged claims were not false.

c.  The Second Amended Complaint, in whole or in part, is barred because the alleged claims were not knowingly false.

d.  The Second Amended Complaint, in whole or in part, is barred because WMC did not cause the submission of false claims.

e.  The Second Amended Complaint, in whole or in part, is barred because WMC did not knowingly cause the submission of false claims.

f.  The Second Amended Complaint, in whole or in part, is barred because the allegedly false claims were not material to the Medicare program's and the Medicaid program's decisions to make payment.

g.  The Second Amended Complaint, in whole or in part, is barred because the Medicare and Medicaid programs had knowledge of the facts underlying WMC's payment requests.

h.  Relator lacks standing to recover alleged overpayments made by the Wyoming Medicaid program where the State of Wyoming is not joined as a party to this proceeding.

i.  Relator has not alleged facts that entitle her to recover penalties under the False Claims Act.

j.  An award of penalties, as well as treble damages, in this case would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution.

k.  Relator is not entitled to pre-judgment interest in this proceeding.

l.  Relator is not entitled to attorneys' fees in this proceeding.

20

m.  Relator's claim under 31 U.S.C. § 3730(h) is barred because she was not engaged in lawful acts done in furtherance of an action under 31 U.S.C. § 3730.

n.  Relator's claim under 31 U.S.C. § 3730(h) is barred because WMC was not aware that relator was allegedly engaged in lawful acts done in furtherance of an action under 31 U.S.C. § 3730.

o.  Relator's claim under 31 U.S.C. § 3730(h) is barred because the termination of relator's employment and other disciplinary actions were not based on relator allegedly engaging in lawful acts done in furtherance of an action under 31 U.S.C. § 3730.


## PRAYER FOR RELIEF

WHEREFORE, WMC prays for the following relief:

a.      that relator take nothing by reason of the Second Amended Complaint;

b.      that the Second Amended Complaint be dismissed with prejudice;

c.      that WMC recover its costs of suit herein incurred;

d.      that WMC recover its attorneys' fees to the extent permitted by law; and,

e.      that WMC be awarded such other relief as the Court deems just and proper.

Dated:  March 23, 2012                                Respectfully submitted,

                                                      WYOMING MEDICAL CENTER


                                                      By: */s/ P. Craig Silva*_____
                                                          P. Craig Silva (Bar No. 6-3066)
                                                          Williams, Porter, Day & Neville, PC
                                                          P.O. Box 10700
                                                          Casper, WY  82602
                                                          Telephone:  (307) 265-0700
                                                          Facsimile:  (307) 266-2306

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of March 2012, a true and correct copy of the foregoing document has been served on the following counsel of record through the Court's electronic case management system:

Jeffrey C. Gosman Esq.
Gosman's Law Office
P.O. Box 51267
Casper, WY  82601

Steve Kohn, Esq.
Kohn, Kohn & Colapinto
3233 P Street, NW
Washington, DC  20007

I further hereby certify that on this 23rd day of March 2012, a true and correct copy of the foregoing document was served by first class mail, postage prepaid, addressed to:

Mark Klassen
Assistant U.S. Attorney
U.S. Department of Justice
P.O. Box 668
Casper, WY  82003-0668

*/s/ P. Craig Silva*
P. Craig Silva

192333

22